[Civ. No. 2108.    Second Appellate District.—March 6, 1918.]

S. C. SMITH ESTATE (a Corporation), Appellant, *v.* J. M. DUNN AUTO COMPANY (a Corporation), Respondent.

LANDLORD AND TENANT—ACTION FOR RENT—ASSIGNMENT OF LEASE—CONSIDERATION—STATUS OF ASSIGNEE—SUFFICIENCY OF EVIDENCE. In this action for rent against the corporation assignee of a lease, which had made an assignment of the lease in turn to an individual who had defaulted in the payment of the rent, it is held that the de-

fendant was an assignee of the lease for value, and not a mere reorganization of the original lessee corporation under a different name.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Wiley & Lambert, for Appellant.

T. N. Harvey, and George E. Whitaker, for Respondent.

WORKS, J., *pro tem.*—The appellant was the lessor under a lease made to the Mason & Flickinger Auto Company, which assigned the instrument to the J. M. Dunn Auto Company, the respondent. The latter corporation occupied the premises covered by the lease for more than two years and then, in turn, assigned it to one Lunceford. Rent was paid until some months after this last assignment, but a default in payment then followed and the present action was the result. Judgment went for the defendant and the plaintiff appeals.

The action was commenced against the respondent as if it were the original lessee, under the claim that it was but the Mason & Flickinger Auto Company under another name; the contention of appellant being that the formation of the respondent was merely a reorganization of the older corporation, the one being substituted in the place of the other and taking up the business formerly conducted by it. As a matter of fact, the respondent did take a transfer of the business and assets of the Mason & Flickinger Auto Company.

The sole point presented by appellant is whether certain findings of fact are supported by the evidence. These findings were, first, that it was not true that the officers, directors, and stockholders of the Mason & Flickinger Auto Company formed the respondent; second, that it was not true that the older corporation transferred to the new, without consideration, the leasehold interest under the lease from appellant, together with all its other assets; third, that it was not true that the new corporation continued the business of the older one. Another finding is also assailed, but it becomes immaterial, in view of the state of the evidence upon which the

others mentioned are based. Those findings are supported by the record. There is some evidence to sustain each of the following assertions: There were some stockholders of respondent at its organization who had not been stockholders of the older company. The organization of the respondent was planned before its prospective incorporators took up negotiations for the acquisition of the assets of the older company, although that purchase took place before the actual formation of the respondent. The prospective incorporators of the respondent acquired the agency for the sale of two particular makes of automobiles before the commencement of the negotiations for the acquisition of the assets of the Mason & Flickinger Auto Company, and the agency became the property of the respondent upon its formation. The incorporators of the respondent put cash into the business conducted by the respondent. A consideration was paid by the respondent for the leasehold interest and for the other assets of the Mason & Flickinger Auto Company which were taken over by it.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 4, 1918.